IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:17-CR-41-1H
No. 7:19-CV-253-H

LUIS ANTONIO BONILLA, JR.,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, [DE #109]. The government filed a motion to dismiss, [DE #127], to which petitioner responded, [DE #132]. This matter is ripe for adjudication.

## BACKGROUND

On September 11, 2017, petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, (Count One) and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Seven). On January 10, 2018, petitioner was sentenced to a total term of imprisonment of 168 months, and petitioner's

remaining seven charged offenses were dismissed.[1]  Petitioner appealed, [DE #79], arguing that the evidence did not establish he maintained a dwelling for drug distribution and that uncharged conduct was used to calculate his guideline range in violation of his due process rights, and the Fourth Circuit Court of Appeals dismissed his appeal on the basis of his appeal waiver.  [DE #95 and Case No. 18-4061 DE #22 App. Brief].  Petitioner filed a petition for writ of certiorari which was denied by the Supreme Court of the United States on January 7, 2019.  [DE #99].

Petitioner timely filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on December 23, 2019, [DE #109], arguing (1) counsel misadvised him as to the penalty that he was facing and allegedly pressured him into entering a guilty plea, resulting in his entering a guilty plea that was unknowing and involuntary, [DE #109 at 4; DE #109-1 at 2-3]; and (2) counsel was ineffective for failing to object to the alleged breach of the plea agreement by the Government that uncharged conduct was used to calculate his sentencing guidelines, [DE #109 at 5].

---

[1] These offenses included six counts of distribution of cocaine base (crack) (Counts Two, Three, Four, Five, Eight, and Nine) and one count of felon in possession of a firearm (Count Six).  [DE #1].

**COURT'S DISCUSSION**

I. Ineffective Assistance of Counsel

    i. Standard of Review

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). The Strickland court reasoned that, "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. (citing Engle v. Isaac, 456 U.S. 107, 133-34 (1982)). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

3

Further, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (citations omitted).

### ii. Analysis

#### a. Unknowing and Involuntary Guilty Plea

Petitioner contends counsel rendered ineffective assistance resulting in the entry of a guilty plea that was not knowing and voluntary when counsel "erroneously advised petitioner that there was nothing he could do but plea[d] guilty because the Government does what they want to do." [DE #109 at 4]. Petitioner contends he pled guilty "with the understanding that he would be sentenced for counts [one] and [seven][,] which if that were the case[,] the guideline range would have been 46 to 57 months instead of 108 months." [DE #109-1 at 2].[2] Petitioner additionally contends he "had on [sic] way of knowing at the time he accepted a plea that he would be held accountable for uncharged conduct, nor did counsel

---

[2] In his reply to the government's motion to dismiss, petitioner writes "[t]he [p]etitioner will concede that a guideline range of 46 to 57 months which was argued in his motion is incorrect." [DE #132 at 3]. "[I]nstead his guideline range per his plea agreement is 120 months to life consisting of 5 to 40 years imprisonment for (Count One) and 5 years to Life imprisonment for (Count 2)." Id. The court notes that petitioner has conceded to the statutory minimum and maximum terms of imprisonment for his offenses, not the guideline range. The guideline imprisonment range as established in his presentence investigation report ("PSR") was 108 to 135 months, with a mandatory consecutive sentence of five years on Count Seven. [DE #68 at ¶ 79].

4

take note of the fact that it is common practice of the Government to sentence a defendant for conduct not charged in the indictment." [DE #109-1 at 3]. In his reply to the government's motion to dismiss, petitioner acknowledges the use of relevant conduct, proven by a preponderance of the evidence standard at sentencing, which often results in drug weights in excess of the offense. [DE #132 at 2-3].

Petitioner was correct in his understanding that when he pled guilty to counts one and seven, he would be sentenced on counts one and seven, although petitioner's guideline range on these offenses was impacted by his relevant conduct. [DE #68 ¶¶ 12-15]. Even if petitioner did not understand the usage of relevant conduct at sentencing, petitioner has not supported his argument that his plea was unknowing in light of the testimony at his Rule 11 hearing.

At his Rule 11 hearing, petitioner affirmed the following: (1) he had discussed the case with his attorney; (2) his attorney had answered all questions he had concerning the case and the plea; (3) he was satisfied with his attorney's counsel and advice in the case; (4) his written plea agreement represented all his agreements with the Government; (5) he understood everything contained in the plea agreement; and (6) he had no questions regarding the plea agreement. [DE #89 at 12, 17-18]. If there was any question about the impact of the Guidelines on his sentence, it was cleared up by

5

the Court, which further explained at the plea hearing "that any sentencing recommendations that may be contained in this plea agreement. . . are just recommendations, and the District Judge is not bound by those recommendations." [DE #89 at 19]. The plea agreement did not contain a stipulation as to drug weight. Before the close of the plea hearing, United States Magistrate Judge Kimberly A. Swank explained that the sentencing court was free to establish whatever adversary guideline range it deemed proper, regardless of what was contained in the plea agreement. [DE #89 at 19-20].

"'[A] defendant's solemn declarations in open court affirming [a plea] agreement … "carry a strong presumption of verity" because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy.'" United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal citations omitted). As stated supra, when challenging a guilty plea, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. In light of the statements in his Rule 11 hearing and his lack of factual assertions to support his argument in his motion to vacate, petitioner has not shown "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

6

Id. Petitioner has failed to allege facts supporting prejudice resulting from counsel's performance. Therefore, petitioner's claim is without merit.

### b. Failure to Object to Alleged Breach

Petitioner next contends counsel rendered ineffective assistance by "failing to object to the breach of the plea agreement by the Government." [DE #109 at 5]. Petitioner contends the government breached the plea agreement "by failing to correct or advocate at sentencing for the drug quantity stipulated to in the plea agreement be used to determine the base offense level and proper guidelines range." [DE #109-1 at 6]. Petitioner contends the 603.365 grams of cocaine base (crack) for which he was held accountable and which resulted in an increased base offense level "was a complete contradiction of what the plea agreement stated." Id. Petitioner contends if counsel had investigated further, counsel would have objected to the presentence investigation report ("PSR"). [DE #109-1 at 3].

Petitioner entered a guilty plea to count one of the indictment which charged conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack).[3]

---

[3] Petitioner contends "[t]he plea agreement does not state 28 grams or more, it simply states 28 grams and per the plea agreement, the base offense level for 28 grams of cocaine base (crack) is level 24." [DE #109-1 at 5-6]. However, petitioner pled guilty to count one, which was in violation of 21 U.S.C. § 841(b)(1)(B), providing the same penalty for "28 grams" or "28 grams or more" of cocaine base. [DE #1 at 2]. Petitioner's increased base offense level came from his increased drug weight due to relevant conduct.

7

However, there was no stipulation in the plea agreement as to drug weight. The parties stipulated to a downward adjustment for acceptance of responsibility, which was applied at sentencing. Additionally, counsel for petitioner objected in writing to the presentence investigation report ("PSR") regarding drug weight, although counsel then withdrew this objection at sentencing. [DE #88 at 3-4]. Petitioner has not shown that counsel's performance fell below the standard of reasonably effective assistance when the alleged "breach" had no basis in the terms of the plea agreement. Strickland, 466 U.S. at 687-88.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, [DE #127], is hereby GRANTED, and petitioner's motion to vacate, [DE #109], is hereby DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find

this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 14th day of September 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#35